IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOWLEY, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, | : | No. 19-2796 |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**                                                                                                                                                  February 28, 2020
**U.S. MAGISTRATE JUDGE**

Plaintiff Robert Howley, 47, suffers from several impairments, including traumatic brain injury ("TBI") that has resulted in ongoing migraine headaches. R. at 10, 12, 46. Howley alleges the Administrative Law Judge ("ALJ") erred in denying his application for Disability Insurance Benefits by not finding his migraine headaches to be a severe impairment and failing to consider evidence from the Jefferson Headache Center suggesting they were severe. Pl. Br. (doc. 13) at 8–9. Because the ALJ provided substantial evidence to support her findings, I deny Howley's request for review.

I.     <u>The Severity of Howley's Migraine Headaches</u>

An impairment is severe if the claimant demonstrates "something beyond 'a slight abnormality or a combination of abnormalities which would have no more than a minimal effect on an individual's ability to work.'" <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004) (quoting SSR 85-28, 1985 WL 56856, at *3); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987). However, "[m]ere presence of a disease or impairment is not enough" to establish disability. <u>Walker v Barnhart</u>, 172 F. App'x. 423, 426 (3d Cir. 2006) (citing <u>Alexander v.</u>

Shalala, 927 F. Supp. 785, 792 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir.1996) (per curiam)). Instead, a disability determination turns on the functional limitations that flow from the severe impairment. Id. Even if an ALJ mistakenly finds an impairment non-severe, that error can be harmless if the functional limitations caused by the impairment are addressed in the ALJ's assessment of the claimant's residual functional capacity ("RFC.") See id.

Although the ALJ did not directly address whether Howley's migraines were severe, she did find Howley's TBI severe. Id. at 12, 19–20. Evidence shows that Howley's primary diagnosis at the Jefferson Headache Center was post-concussion syndrome, i.e., the injuries that constituted TBI, and that his migraines were attributed to those injuries. R. at 1585 (Ex. 23F) (listing Howley's diagnoses of "post-concussion syndrome" and "intractable chronic migraine" separately); Pl. Br. at 8–9. Similarly, the Jefferson Headache Center records describe Howley as suffering from post-traumatic headaches and post-traumatic stress disorder, and note that he has "postconcussion very migrainous headache[s]" and "has not had a lot of headache treatment commensurate with the impact of his chronic migraine disease." Id.

Rather than separating Howley's migraine headaches from other symptoms of TBI, the ALJ properly assessed Howley's migraine headaches as one of several symptoms of TBI. Although the ALJ identified several other non-severe impairments, migraines were not mentioned. See R. at 12–13. This confirms the ALJ's consideration of migraines as part of the severe TBI, and not as a separate impairment. Viewed as such, it is immaterial whether the migraine headaches were labeled as "severe" at step two. The migraines were considered in the ALJ's ultimate assessment of how Howley's headaches impacted his ability to function in the workplace with TBI.

The ALJ also addressed both of Howley's visits to the Jefferson Headache Center. First, the ALJ noted that in July 2018 Howley reported headaches that rated eight out of ten on the pain scale three-to-four times per week. Id. at 19. Moreover, the ALJ noted, Howley's second visual field was grossly intact, his pupils were reactive to light, his extraocular movements were intact, and he had no abnormalities of facial weakness or atrophy. Id. Howley was prescribed Amitriptyline and Compazine for his migraines and was advised to join the YMCA for exercise. Id. at 20. During Howley's August 2018 examination at the Jefferson Headache Center, the ALJ noted, Howley reported similar symptoms but said the Compazine was benefitting him. Id. The ALJ also noted Howley received nerve branch blocks and trigger point injections, and had a normal neurological examination. Id.

The ALJ also discussed Howley's medical records from the Veterans' Administration between December 2016 and April 2018, in which Howley reported two headaches per week related to neck pain and migraines from TBI. Id. at 19, 482, 552. Howley reported that Sumatriptan was helpful to prevent migraines. Id. The ALJ noted Howley's testimony that: (a) his headaches went back to 2015, when he was still working; (b) his increased headache pain may be related to allergies; and (c) he stopped working in 2016 due to his impairments. Id. at 17, 19.

Many of Howley's impairments concern pain in various parts of his body, and the ALJ painstakingly detailed Howley's pain management efforts, including the records of his "no-show" visits and his decision not to participate in a pain rehabilitation program. Id. at 18. The ALJ also noted Howley's failure to complete self-management programs, physical therapy, neuropsychological testing, physical therapy, sleep schedules, and breathing exercises. Id. at 19-20. The ALJ acknowledged that Howley has "received treatment for headaches" but has "also at

3

times denied" having them. Id. at 21. The ALJ explained Howley is able to care for his granddaughter, clean, do laundry, prepare easy meals, manage finances, drive, go shopping, read, use a computer to attend his granddaughter's activities, vacation with his wife, take weekend trips to Washington, D.C., host friends, and go out to eat with them. Id. at 21. She noted that his "pain symptoms are exacerbated when he overexerts himself." Id.

The ALJ's RFC featured exertional limitations that limited Howley to jobs with moderate noise, no exposure to bright or flickering lights, reading no "very small print," and no exposure to extreme temperatures. Id. at 16. The ALJ did not ignore evidence of Howley's migraine headaches. Instead, she used evidence that attributed Howley's headaches to TBI to establish limitations in the RFC. Shookla v. Berryhill, No. 18-481, 2019 WL 369276, at *7 (E.D. Pa. Jan. 29, 2019) (substantial evidence supported the ALJ's RFC assessment limiting claimant to a reduced range of light work). Any failure to categorize Howley's migraine headaches as an additional severe impairment was harmless. Walker, 172 F. App'x. at 426.

II.     Consistency Analysis

An ALJ's assessment of a claimant's subjective symptoms is a two-step process. 20 C.F.R. § 404.1529; SSR 16-3P, 2016 WL 1119029, at *3–4. First, a claimant must establish a medically determinable impairment capable of causing the alleged symptoms. 20 C.F.R. § 404.1529(b). Second, the ALJ must evaluate the intensity and persistence of the symptoms in light of the available evidence and determine the extent to which they limit claimant's ability to work. Id. § 404.1529(c)(3). The ALJ must determine whether a claimant's reported symptoms are "consistent with the objective medical evidence and other evidence of record," SSR 16-3p, 2016 WL 1119029, at *7, and this analysis must be supported by substantial evidence, see, e.g., Roth v. Berryhill, No. 17-1875, 2019 WL 1417196, at *8 (M.D. Pa. Mar. 13, 2019)

4

(affirming ALJ decision where subjective symptom analysis supported by substantial evidence); Fligger v. Berryhill, No. 17-1187, 2018 WL 6338328, at *1 n.1 (W.D. Pa. Sept. 20, 2018).

Howley claims pain and headaches significantly limit his daily activities and prevent him from working. Pl. Br. at 3–4. He argues the ALJ erred by finding his reported symptoms and limitations inconsistent with the evidence. Pl. Br. at 10–13. I disagree.

The ALJ supported her finding with substantial evidence. The ALJ noted that Howley denied migraines on several occasions and did not consistently comply with his doctor's recommendations for pain management, and that treating physicians outlined specific work-related limitations that were less restrictive then her RFC. R. at 20–23. The ALJ also explained that Howley's claim of debilitating pain and headaches that force him to be bed-ridden conflicts with his extensive daily and social activities. Id. Those conflicts, along with Howley's conflicting statements as to why he stopped working, justify the ALJ's consistency conclusion. Id.

An appropriate Order accompanies this opinion.